**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN DOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-856-BAH |
| MARKWAYNE MULLIN ET AL.,[1] | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**ORDER**

The Court has received Defendants' response to the complaint and motion for a preliminary injunction, ECF 17, Plaintiff's renewed motion to seal, ECF 18, which was filed at the Court's direction, *see* ECF 15, the parties' motions for extension of time, ECFs 16 and 19, and Plaintiff's reply, ECF 20. First, both motions for extensions of time will be granted, and the Court accepts the parties' papers as timely filed.

As to the merits of the complaint and preliminary injunction, "Defendants acknowledge that Plaintiff was removed from the United States on June 20, 2025 to El Salvador despite a valid order of removal with a grant of deferral of removal to El Salvador." ECF 17, at 1. Given that Defendants do not object to the relief sought in the complaint or motion for a preliminary injunction—namely, the return of Plaintiff to the United States—and having considered the relevant factors under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), the Court will grant the motion.

[1] The Clerk will be directed to substitute Markwayne Mullin for Kristi Noem pursuant to Fed. R. Civ. P. 25(d).

As to the details, Defendants provide specific logistical requests "[s]hould this Court be inclined to grant relief requiring return of Plaintiff to the United States." ECF 17, at 1. Plaintiff agrees to Defendants' request to provide status reports every 14 days and that counsel provide them with Plaintiff's phone number, email address, and physical address. ECF 20, at 1. Plaintiff opposes, however, Defendants' request for "any other information required by Defendants for the return of Plaintiff to the United States," ECF 17, at 1, because "Defendants' unilateral determination that a piece of information is allegedly necessary to facilitate Plaintiff's return to the United States opens the door to extensive amounts of sensitive and personally-identifiable information without any reasonable explanation as to why such information is indeed required to facilitate return," ECF 20, at 1–2. Plaintiff also opposes Defendants' request to allow them to contact Plaintiff directly and asks that Plaintiff's counsel be notified first of any communication Defendants wish to have directly with Plaintiff. *Id.* at 2.

Considering the parties' requests and positions, the Court will order the biweekly status reports and the sharing of the specific contact information the parties agree to share. However, the Court will not specifically order the sharing of unspecified other information at this time and will not order "counsel [to] allow for Defendants to contact Plaintiff when necessary for return of Plaintiff to the United States," ECF 17, at 1. While additional information and direct communication between Defendants (or their agents) and Plaintiff may be necessary, the Court sees no reason such requests and communication cannot go through Plaintiff's counsel. Plaintiff's counsel is free to provide additional information to Defendants at their discretion and to permit Defendants to contact Plaintiff directly at any time. Should any disputes arise, the parties may bring that to the Court's attention.

Turning to the issue of sealing, at the Court's direction, Plaintiff refiled a motion to seal, ECF 18, which can be filed on the public docket. The parties had previously agreed that ECFs 1, 2, and 3, should remain permanently sealed. ECF 14, at 1. In the renewed motion, Plaintiff withdraws the request to seal the motion for a preliminary injunction and memorandum of law, ECF 3. However, the renewed motion to seal appears to only seek the sealing of Plaintiff's unredacted complaint and its attachments. *See* ECF 18-5 (proposed order seeking to seal only the complaint, declaration, and immigration judge order, which correspond to ECFs 1, 1-1, and 1-2). It is not entirely clear to the Court whether Plaintiff still seeks to keep sealed ECF 2, the first motion to seal (and proceed under pseudonym). In an abundance of caution, the Court will keep that motion provisionally sealed and will ask Plaintiff's counsel to notify the Court of his position on that question.

Accordingly, it is by the United States District Court for the District of Maryland hereby ORDERED that:

1) The Clerk is directed to substitute Markwayne Mullin for Kristi Noem pursuant to Fed. R. Civ. P. 25(d);
2) The parties' motions for extensions of time, ECFs 16 and 19, are GRANTED;
3) Plaintiff's motion for a preliminary injunction, ECF 3, is GRANTED;
4) Defendants are hereby ordered to facilitate and effectuate Plaintiff's return from El Salvador to the United States—either by providing him with documents sufficient to board a commercial carrier to return to the United States, such as parole documents pursuant to 8 U.S.C. § 1182(d)(5), or by arranging for a return Immigration and Customs Enforcement ("ICE") Air flight—within 15 days of the date of this order;

5) Defendants are prohibited from publicizing Plaintiff's information or from sharing Plaintiff's information with personnel not essential to facilitating Plaintiff's return;

6) Plaintiff's counsel is directed to provide to Defendants the phone number, email address, physical address of Plaintiff;

7) Defendants are directed to provide status reports regarding the progress of Plaintiff's return every 14 days from the date of this order;

8) The Clerk is directed to unseal this docket and all docket entries in this case EXCEPT ECF 1, ECF 1-1, ECF 1-2,[2] and ECF 2, which remain provisionally sealed pending resolution of the renewed motion to seal (ECF 18) and counsel's update;

9) Plaintiff's counsel is directed to notify the Court within seven (7) days of the date of this order whether he seeks for ECF 2 (and its attachments) to remain sealed;

10) Filings in this case are to remain restricted pursuant to Fed. R. Civ. P. 5.2(c);

11) The Court confirms that ECF 18-2 through 18-4 are redacted versions of the complaint and its attachments;

12) The Court will rule on the pending motion to seal, ECF 18, after the time prescribed by Loc. R. 105.11 (D. Md. 2025) has elapsed;

13) The Clerk is directed to transmit a copy of this order to counsel of record.

Dated: July 10, 2026

/s/
Brendan A. Hurson
United States District Judge

[2] The civil cover sheet, ECF 1-3, and summonses, ECF 1-4, may be unsealed.